IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

GERALD E MOBLEY,

    Plaintiff,
v.                                                  CASE NO. 1:16-cv-313-MW-GRJ

TOBY S MONACO,
Alachua County Judge,

    Defendant.
_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing ECF No. 1, a *pro se* civil rights Complaint, and Doc. 2, a motion for leave to proceed as a pauper. For the reasons discussed below, leave to proceed as a pauper will be granted for the limited purpose of dismissing the Complaint.

Pursuant to 28 U.S.C. § 1915 governing proceedings *in forma pauperis*, the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue, or the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C § 1915(e). The Court must liberally construe a *pro se* Plaintiff's allegations. *Haines v. Kerner*, 404 U.S. 519 (1972); *see also Miller v.*

*Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).  However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action."  *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998)(*overruled on other grounds* by *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009))*.*

Plaintiff seeks declaratory relief in this Court in connection with a pending Alachua County Circuit Court case that he filed against the Bank of New York Mellon Corporation.  The named Defendant is the presiding judge in the state case, Judge Toby S. Monaco.  Plaintiff alleges that he obtained a default judgment in the case, a quiet title action, against the Bank of New York on June 30, 2016.  Plaintiff alleges that on September 19, 2016, the Bank of New York filed a motion to vacate the judgment and dismiss the case "as if the case was ongoing," when, according to Plaintiff, the case is closed.  Plaintiff alleges that Judge Monaco is helping the Bank of New York to try to reopen a case that has been closed, and that Judge Monaco's actions amount to a violation of criminal law.  Plaintiff contends that the state court's actions have violated his federal constitutional rights.  Plaintiff seeks a declaration that his state case is closed and final.  ECF No. 1 at 3-4.

Federal courts are courts of limited jurisdiction that possess only that power authorized by the Constitution and federal statutes. *See, e.g., Delaware v. Van Arsdall*, 475 U.S. 673, 692 (1986). A plaintiff invoking the court's jurisdiction must establish the basis for such jurisdiction in the complaint. *See Taylor v. Appleton*, 30 F.3rd 1365, 1367 (11th Cir. 1994). Even liberally construed, it is clear that the factual allegations of the Complaint establish no basis for federal subject matter jurisdiction. Although Plaintiff conclusionally alleges that his federal constitutional rights have been violated, any rights of review he has in connection with his state case arise under state real property law and court procedural rules.

In addition, review of Plaintiff's claims is precluded by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine arises from two Supreme Court cases—*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The theory underlying the doctrine was that only the United States Supreme Court has jurisdiction to review a state-court decision. 18B Charles Allen Wright and Arthur R. Miller, Federal Practice and Procedure § 4469.1 (2d ed.). The *Rooker-Feldman* doctrine "is a jurisdictional rule that precludes the lower federal courts from reviewing state court

judgments." *Alvarez v Attorney Gen. For Fla.,* 679 F. 3d 1257, 1262 (11th Cir. 2012).

The Supreme Court addressed the limits of the doctrine in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 554 U.S. 280 (2005). The Court explained that "*Rooker-Feldman* . . . is a narrow doctrine, confined to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Exxon Mobil*, 554 U.S. at 284.

In this case, Plaintiff seeks to have this Court act as an appellate court for Judge Monaco's rulings on postjudgment motions filed in the state case that seek to vacate Plaintiff's judgment. This is precisely what the *Rooker-Feldman* doctrine precludes this Court from doing. A federal district court lacks jurisdiction to engage in appellate review of state court proceedings. *Blue Cross and Blue Shield of Maryland, Inc. v. Weiner*, 868 F.2d 1550, 1554 (11th Cir. 1989).

Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend a complaint "should be freely given." *See*

Fed.R.Civ.P. 15(a).   Under *Foman*, however, a district court may properly deny leave to amend the complaint when such amendment would be futile. *Foman*, 371 U.S. at 182.   Because, even liberally construed, the facts alleged do not suggest that Plaintiff could amend his complaint to assert any cognizable claims for relief in this Court, the Court concludes that amendment of the complaint would be futile.  *See Foman*, 371 U.S. at 182.

Accordingly, Plaintiff's motion for leave to proceed as a pauper, ECF No. 2, is **GRANTED.**

For the foregoing reasons, it is respectfully **RECOMMENDED** that this case should be **DISMISSED** for lack of subject matter jurisdiction.

**IN CHAMBERS** at Gainesville, Florida, this 28th day of September 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.